By the Court.
A view of the place where the homicide occurred is expressly authorized by section 7283, Revised Statutes, which makes no provision for the defendant on trial to accompany the jury when it is made. Section 7301 *235 Revised Statutes, prescribes that, except in cases of misdemeanors, no one charged with an offense shall be tried in his absence.
This section does not require the actual presence of the accused in court at all times during his trial, but prescribes that one out of the jurisdiction or control of the court, cannot be tried for a felony, and notwithstanding this section (7301 Revised Statutes), one on trial for a felony and not in actual custody may pass in and out of the court room, and remain absent for considerable periods of time, without rendering the progress of the trial during his absence erroneous. Therefore, if a view such as is authorized by section 7283 Revised' Statutes, be a part of the trial within the meaning of section 7301 Revised Statutes, yet, as the court of common pleas expressly granted to plaintiff in error, permission to accompany the jury when the view was taken, which privilege, under advice of counsel he declined to accept, he must be deemed to have voluntarily absented himself, and thereby waived his right and privilege to be present when the view was taken. The court of common pleas, having granted him the privilege to accompany the jury, was not bound to compel him to accept it.

Judgment affirmed.